IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gregory Wayne Keefer, | ) | C/A No.: 1:11-2684-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | AMENDED ORDER |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff requests $6,883.12 in attorney's fees on the ground that he is a prevailing party under the EAJA. [Entry #27]. Defendant contests the awarding of such fees, asserting the government's position was substantially justified. [Entry #28 at 1]. For the reasons set forth below, the court grants Plaintiff's motion.

I.    Procedural Background

On March 22, 2010, Plaintiff filed an application for Disability Insurance Benefits ("DIB") in which he alleged his disability began on August 10, 2009. Tr. at 117–18. His application was denied initially and upon reconsideration. Tr. at 53, 56. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision. Tr. at 11–20. In his decision, the ALJ found Plaintiff had not been under a disability since the date the application was filed. *Id.* Applying the five-step sequential process, the ALJ found that Plaintiff had severe impairments of cervical and lumbar

degenerative disc disease, fibromyalgia, and dizziness. *Id.* The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. part 404, subpart P, appendix 1. *Id.* Further, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), but must avoid exposure to work hazards, dangerous machinery, and driving of automotive equipment. *Id.* Finally, the ALJ determined that Plaintiff was unable to perform any past relevant work, but that jobs existed in significant numbers in the national economy that he could perform. *Id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on October 4, 2011. [Entry #1]. Plaintiff alleged several errors committed by the ALJ, including that the ALJ's RFC assessment was improper and that the ALJ erred in determining Plaintiff's depression and anxiety were not severe impairments. [Entry #21]. The undersigned reversed and remanded the case, finding that the ALJ erred in assessing Plaintiff's RFC by failing to address whether Plaintiff's mental impairments resulted in any functional limitations in violation of 20 C.F.R. § 404.1545 and failing to sufficiently identify which of Plaintiff's physical impairments existed as of his date last insured. [Entry #25 at 20–22].

II.   Discussion

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the

2

government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  Therefore, as the non-prevailing party, the government has the burden of proving that its position was substantially justified.  *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991).  "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).  There is no presumption that the government's position was not substantially justified simply because it lost the case. *Crawford*, 935 F.2d at 656.

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees."  *Id.* at 658; *see also Adams v. Barnhart*, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified.").

The Commissioner's position throughout this litigation has been that the ALJ correctly assessed Plaintiff's RFC.  [Entry #28 at 3].  The court, however, remanded the case after concluding that the ALJ's RFC assessment was flawed.  [Entry #25].  The Commissioner now contends that even though her argument regarding the RFC

assessment was not ultimately persuasive to the court, it was "arguably defensible" and, as such, was substantially justified. [Entry #28 at 3]. In remanding the case, the court specifically found that the ALJ failed to comply with 20 C.F.R. § 404.1545, which requires the ALJ to consider all medically-determinable impairments, including impairments that are not "severe," when conducting an RFC assessment. Although non-severe, Plaintiff's depression and anxiety were medically-determinable impairments that the ALJ was required to consider in determining Plaintiff's RFC. Because the ALJ failed to comply with the applicable regulations, the court finds that the Commissioner's position was not substantially justified. *See Adams*, 445 F. Supp. 2d at 595.

III.  Conclusion

For the foregoing reasons, the court finds that the government has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Accordingly, the court grants Plaintiff's motion and directs the Commissioner to pay Plaintiff $6,883.12[1] forthwith. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is

---

[1] Defendant has not objected to Plaintiff's original calculation of the fee. In his reply brief, Plaintiff seeks an additional $460.80 for time spent responding to the Commissioner's opposition to the motion for attorney's fees. [Entry #29 at 2]. The court remanded this case pursuant to sentence four of 42 U.S.C. § 405(g). Once a district court enters a sentence four remand, the civil action is over. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993). With no pending civil action, the EAJA has no foundation on which to operate. *See* 28 U.S.C. § 2412(d)(1)(A) (requiring an award of fees to the prevailing party for fees and expenses "incurred by that party in any civil action"). Because the requested additional fees were incurred after the civil action was complete, the undersigned declines to award them in this matter.

without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

    IT IS SO ORDERED.

*/s/ Shiva V. Hodges*

August 21, 2013                                     Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge